| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN<br>See "Instructions for Service of Process by U.S. Marshal" | |
|---|---|---|---|
| PLAINTIFF<br>United States | FILED<br>CLERK<br>4/25/2023 2:07 pm<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE | | COURT CASE NUMBER<br>18-CR-614 |
| DEFENDANT<br>JEFFREY MILLER | | | TYPE OF PROCESS<br>Order of Forfeiture |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>United States Marshals Service |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)<br>222 Cadman Plaza East Street, Brooklyn, NY 11201 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| BREON PEACE, United States Attorney<br>Eastern District of New York<br>610 Federal Plaza, Central Islip, NY 11722<br>Attn: Madeline O'Connor/Kristen Lake | Number of process to be served with this Form 285<br>Number of parties to be served in this case<br>Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

PLEASE DEPOSIT THE ATTACHED CHECK IN THE AMOUNT OF $288,645.00 INTO THE ASSET FORFEITURE FUND. RETURN RECEIPT REQUESTED.

CAT ID # 23-FBI-003649

| Signature of Attorney other Originator requesting service on behalf of:<br>*Madeline O'Connor* | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>631-715-7870 | DATE<br>4/13/2023 |
|---|---|---|---|

SPACE BELOW FOR USE OF U.S. MARSHAL ONLY – DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 53 | District to Serve No. 53 | Signature of Authorized USMS Deputy or Clerk | Date 4/17/23 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | Date APR 25 2023 | Time | ☐ am ☐ pm |
|---|---|---|---|
| Address (complete only different than shown above) | | Signature of U.S. Marshal or Deputy | |

Costs shown on attached USMS Cost Sheet >>

REMARKS

$288,645.00 Deposited into AFFM   APR 25 2023

DJ3: 2018-CR-00614-1

Form USM-285<br>Rev. 03/21



```
═══ UNITED STATES          POSTAL MONEY ORDER
    POSTAL SERVICE
      Serial Number         Year, Month, Day   Post Office    U.S. Dollars and Cents
                            2022-10-25         114341
   28270089437                                              $100.00
                            One Hundred Dollars and 00/100 ****************
                            Amount
Pay to  United States Marshall Service                      Clerk  54
Address                           From  R. Hendricks
                                  Address 163-15 130th Ave
Memo                                      Jamaica, NY, 11434

                            SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
   ⑆000000800⑆      28270089437⑉"  DKT NO: 15-CR-280
```

SLR:LDM:MMO
F.#2018R00843

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 12 2019 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JEFFREY MILLER,

      Defendant.

- - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

18-CR-614 (JS)
Pett. #3

WHEREAS, on or about February 26, 2019, JEFFREY MILLER (the "defendant"), entered a plea of guilty to the offenses charged in Counts One and Two of the above-captioned Indictment, charging violations of 18 U.S.C. §§ 371 and 1349, respectively; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of two hundred eighty-eight thousand six hundred forty-five dollars and zero cents ($288,645.00) (the "Forfeiture Money Judgment"), as any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violations of 18 U.S.C. §§ 371 and 1349, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to "U.S. Marshals Service" with the criminal docket number noted on the face of the check. The defendant shall cause said check(s) to be delivered by overnight mail to Assistant United States Attorney Madeline O'Connor, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722. The Forfeiture Money Judgment shall be paid in full 30 days before the date of the defendant's sentencing (the "Due Date").

3. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

4. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

5.  The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6.  The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.  This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.  This Order shall be final and binding only upon the Court's "so ordering" of the Order.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Kristen Lake, FSA Paralegal, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
Mar. 12, 2019

SO ORDERED:

/S/ JOANNA SEYBERT
HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK